NATIONAL LABOR RELATIONS BOARD, Petitioner,

Allied Workers International Union; Local No. 74B Glass, Molders Pottery, Plastics, Interveners,

v.

WHITESELL CORPORATION, Respondent.

No. 008–3291.

United States Court of Appeals, Eighth Circuit.

Submitted: June 9, 2009.

Filed: June 25, 2010.

Before SMITH and SHEPHERD, Circuit Judges, and LIMBAUGH,[1] District Judge.

1. The HONORABLE RALPH R. ERICKSON, Chief Judge of the United States District Court for the District of North Dakota.

1. The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

PER CURIAM.

The National Labor Relations Board ("NLRB" or "the Board") has applied for enforcement of its order finding that Whitesell Corporation ("Whitesell") violated various provisions of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151–69, while negotiating a new collective-bargaining agreement with the Glass, Molders, Pottery, Plastics, and Allied Workers International Union, AFL–CIO. The Board's order was entered by two members of a three-member group to which the Board delegated all its powers in December 2007 pursuant to section 3(b) of the NLRA, 29 U.S.C. § 153(b). When the order was entered on August 29, 2008, the five-member Board had only two members.

In *New Process Steel, L.P. v. NLRB*, 560 U.S. ——, 130 S.Ct. 2635, 177 L.Ed.2d 162 (2010), the Supreme Court held that a two-member group may not exercise delegated authority when the total Board membership falls below three because "the delegation clause [in section 3(b)] requires that a delegee group maintain a membership of three in order to exercise the delegated authority of the Board." *Id.* at 2644–45 Accordingly, we deny the NLRB's application for enforcement.